UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD DAVIS,**

       **Plaintiff,**          **CIVIL ACTION NO. 08-CV-14552-DT**

  vs.

                              **DISTRICT JUDGE MARIANNE O. BATTANI**

**GLADWIN, COUNTY OF,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

       **Defendants.**
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND STRIKING PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENA

This matter comes before the Court on Plaintiff's Motion for Amendment (docket no. 31) and Motion to Quash or Modify Subpoena (docket no. 40). Plaintiff seeks to amend his civil rights Complaint to add three defendants: (1) jail nurse Beth Booth; (2) manager of jail services Victor Kuhlman; and (3) jail physician Dr. Richard Bratton. (*Id*.). Defendants have filed briefs opposing Plaintiff's motion. (Docket nos. 34, 39). Plaintiff also seeks to have a subpoena quashed or modified. (Docket no. 40). Defendants have not yet responded to this motion. All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument on Plaintiff's motions. Plaintiff's motions are now ready for ruling.

    1.    **Motion to Amend Complaint**

In his Complaint, Plaintiff complains of excessive force being used against him during his arrest on February 1, 2008. (Docket no. 1). He also alleges that the police and prosecutors fabricated evidence against him and committed perjury. (*Id*.). Jail nurses allegedly improperly

released information on his medical condition. Plaintiff also included a very general claim of "altered medical records" against all Defendant. (*Id*.). Plaintiff now wishes to add these three persons as defendants. The allegations against Nurse Booth and Dr. Bratton are that Plaintiff asked to see "community mental health," and this did not happen. The allegation against jail services manager Kuhlman is that he responded to a letter from Plaintiff stating that the jail services section does not investigate allegations of criminal acts. Finally, Plaintiff alleges that Nurse Booth altered medical records because the records show that Plaintiff talked to mental health, but Plaintiff states that he did not do so.

Rule 15(a) provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit amendment is committed to the discretion of the trial court. *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 (6th Cir. 1992) (unpublished). A motion to amend may be denied when the amendment would be futile. *Haverstick Enters., Inc. v. Financial Fed. Credit, Inc*., 32 F.3d 989, 995-96 (6th Cir. 1994).

Defendants have already filed Answers to Plaintiff's Complaint. (Docket nos. 11, 21, 22). Plaintiff has not shown that he received written consent of the opposing party to amend his Complaint. Therefore, Plaintiff must be granted leave by this Court before he may file an amended complaint. Fed. R. Civ. P. 15(a)(2). The bulk of Plaintiff's Complaint concerns events of a different time and nature from the allegations in Plaintiff's Motion to Amend. The allegations in Plaintiff's motion are vague and non-specific. Plaintiff's allegations fail to state a claim upon which relief may

be granted against the proposed defendants. Accordingly, Plaintiff's motion will be denied because the proposed amendments are futile, and justice does not require the amendments. *See Haverstick*, 32 F.3d at 995-96.

### 2. Motion to Quash Subpoena

Plaintiff's Motion to Quash or Modify Subpoena fails to recite verbatim the substance of the subpoena, and a copy of the subpoena is not attached to the motion. (Docket no. 40). Plaintiff states that the subpoena pertains to medical or mental information, but the Court cannot rule on the motion with such a general description of the information requested by the subpoena. *See* E.D. Mich. LR 37.2 (Form of Discovery Motions) (requiring verbatim recitation of discovery request or copy of discovery document). Plaintiff must re-file his motion and either recite the substance of the subpoena verbatim or include a copy of the subpoena with his motion. Plaintiff's present motion will be stricken from the record and not be further considered by the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (docket no. 31) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash or Modify Subpoena (docket no. 40) is **STRICKEN** from the record.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 03, 2009                s/ Mona K. Majzoub
                                                         MONA K. MAJZOUB
                                                         UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Richard Davis and Counsel of Record on this date.

Dated: April 03, 2009                s/ Lisa C. Bartlett
                                                         Courtroom Deputy