**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RICHARD DAVIS,**

      **Plaintiff,**　　　　　　　　**CIVIL ACTION NO. 08-CV-14552**

vs.

　　　　　　　　　　　　　　　　**DISTRICT JUDGE MARIANNE O. BATTANI**

**GLADWIN, COUNTY OF,**　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiff's Complaint be dismissed with prejudice as to all Defendants due to Plaintiff's failure to prosecute this action.

In light of the above recommendation, Defendants Sasse and Jaunese's Motion for Summary Judgment (docket no. 61), and Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass [sic, Hess], and Case's Motion for Summary Judgment (docket no. 62) should be denied as moot without prejudice to the motions being reconsidered should the above recommendation not be adopted.

**II.**    **REPORT**:

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Sasse and Jaunese (docket no. 61), and the Motion for Summary Judgment filed by Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass, and Case. (Docket no. 62). However, because Plaintiff has failed to prosecute his claims, this Court recommends that the district court decline to address Defendants' Motions for Summary Judgment,

1

and instead dismiss Plaintiff's Complaint. All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument on the Defendants' Motions for Summary Judgment. This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Factual Background and Claims**

Plaintiff filed this *pro se* action on October 27, 2008, generally asserting claims of excessive force in violation of the Fourth Amendment, deliberate indifference in violation of the Eighth Amendment, prosecutorial misconduct and perjury, alteration of medical records, failure to train, HIPAA violations, and gross negligence. (Docket no. 1). Defendants are the County of Gladwin, Gladwin County Sheriff's Sergeant James Cuddie, Sheriff Michael Shea, Deputy Sheriffs Steve Townsend and Jim Powell, Gladwin County Jail Administrator Justin Eastman, Jail Nurses Laura Sasse and Jim Jaunese, County Prosecutor Mary A. Hass, and Assistant Prosecutor Jordan Case. Plaintiff's claims arise out of his February 1, 2008 arrest and subsequent detention in Gladwin County Jail. He sues the Defendants in their official and individual capacities.

On January 22, 2009 Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass, and Case served Plaintiff with their First Set of Requests to Admit and Interrogatories. (Docket no. 62, Ex. 3). In response to these discovery requests, Plaintiff filed a one- page motion for a protective order. (Docket no. 25). The Court denied Plaintiff's motion on March 16, 2009. (Docket no. 30). Defendants state that Plaintiff has failed to respond to any of their discovery requests. (Docket no. 62). Plaintiff has not filed a response stating otherwise.

On April 1, 2009 Defendants Jaunese and Sasse submitted Interrogatories and Requests for Production of Documents to Plaintiff. (Docket no. 52). Plaintiff did not respond to the discovery requests. Consequently, on July 2, 2009 Defendants Jaunese and Sasse filed a motion to compel.

2

(Docket no. 52). Plaintiff failed to respond to the motion to compel.

On August 11, 2009 the Court granted the Defendants' motion to compel and ordered Plaintiff to respond without objections to the Defendants' Interrogatories and Requests for Production of Documents by August 26, 2009. (Docket no. 57). The Order warned the Plaintiff that his failure to comply with the Order may result in dismissal of the action with prejudice. The Order, mailed to the Gladwin County Jail, was returned to the Court as undeliverable, stamped "Not at this Address. Return to Sender." (Docket no. 58). Plaintiff has not notified the Court of a change of address. However, Defendants filed a Proof of Service with the Court showing that they served a copy of the Order on Plaintiff at the Muskegon Correctional Facility. (Docket no. 60). Defendants Jaunese and Sasse state that Plaintiff failed to respond to their discovery requests as ordered by this Court. (Docket no. 62).

On October 1, 2009 Defendants Jaunese and Sasse filed a Motion for Summary Judgment. (Docket no. 61). On that same day, Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass [sic, Hess], and Case filed their Motion for Summary Judgment with the Court. (Docket no. 62). Both motions were served on Plaintiff at the Muskegon Correctional Facility. Plaintiff has failed to respond to either of the two Motions for Summary Judgment.

**B. Governing Law**

Rule 41(b), Fed.R.Civ.P., allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or to comply with the federal rules or any order of the court. Fed.R.Civ.P. 41(b). The Court may also *sua sponte* dismiss an action for lack of prosecution without notice of its intention or providing an adversary hearing before acting. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 633 (1962); *White v. Bouchard,* No. 05-73718, 2008 WL 2216281, at

*3-4 (E.D.Mich. May 27, 2008). Before dismissing an action under Rule 41(b), the court must look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

**C. Analysis**

After considering the factors identified in *Stough,* this action should be dismissed because of Plaintiff's failure to prosecute his case. With regard to the first factor, because Plaintiff is out of contact with the Court it is not clear why he has failed to keep the Court advised of his current address and respond to the Court's orders and Defendants' motions. It is clear however that Plaintiff's last contact with the Court was more than twelve months ago, on June 3, 2009. (Docket no. 49). His last contact with the Defendants appears to have taken place eleven months ago, on July 24, 2009. (Docket no. 62, Ex. 1). It is clear that Plaintiff is not keeping himself informed of the events of this case.

The second factor favors dismissal. Defendants and the Court are unduly prejudiced when the plaintiff in an action does not communicate with the Court or any party. Defendants have continued to defend against this action and have been substantially prejudiced by Plaintiff's dilatory conduct in failing to respond to their discovery requests and their Motions for Summary Judgment.

With regard to the third factor, this Court warned Plaintiff that his failure to comply with the Court's Order compelling discovery responses could result in the dismissal of this action. Since that Order was entered, Plaintiff has failed to comply with the Court's Order compelling discovery, has

4

not responded to the Defendants' Motions for Summary Judgment, and has failed to inform the Court of his change of address or otherwise communicate with the Court.

Finally, the last factor also favors dismissal. The Court's Order compelling discovery did not deter Plaintiff from engaging in further dilatory conduct. Under these circumstances where Plaintiff has repeatedly failed to respond to both the Court and the Defendants, has been warned that his case may be dismissed if he failed to respond to Defendants' discovery requests, and has not kept the Court apprised of his current address, dismissal of Plaintiff's case is more appropriate than another sanction. The Sixth Circuit has approved of the dismissal of an action for failure to prosecute when the plaintiff failed to keep the court advised of his current address. *White v. City of Grand Rapids,* 34 Fed. Appx. 210 (6th Cir. May 7, 2002). In *White* the plaintiff was out of touch for a little over a month. Here, Plaintiff has been out of contact for more than twelve months.

Accordingly, after considering the appropriate factors, this Court recommends that this action be dismissed with prejudice as to all Defendants for want of prosecution.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

5

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 22, 2010         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Richard Davis and Counsel of record on this date.

Dated: June 22, 2010         s/ Lisa C. Bartlett
                             Case Manager

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD DAVIS,

       Plaintiff,              CIVIL ACTION NO. 08-CV-14552

vs.

                                      DISTRICT JUDGE MARIANNE O. BATTANI

GLADWIN, COUNTY OF,         MAGISTRATE JUDGE MONA K. MAJZOUB
et. al,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Plaintiff's Complaint be dismissed with prejudice as to all Defendants due to Plaintiff's failure to prosecute this action.

In light of the above recommendation, Defendants Sasse and Jaunese's Motion for Summary Judgment (docket no. 61), and Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass [sic, Hess], and Case's Motion for Summary Judgment (docket no. 62) should be denied as moot without prejudice to the motions being reconsidered should the above recommendation not be adopted.

**II.**     **REPORT**:

This matter comes before the Court on the Motion for Summary Judgment filed by Defendant Sasse and Jaunese (docket no. 61), and the Motion for Summary Judgment filed by Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass, and Case. (Docket no. 62). However, because Plaintiff has failed to prosecute his claims, this Court recommends that the district court decline to address Defendants' Motions for Summary Judgment,

1

and instead dismiss Plaintiff's Complaint. All pretrial matters have been referred to the undersigned for decision. (Docket no. 4). The Court dispenses with oral argument on the Defendants' Motions for Summary Judgment. This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A. Factual Background and Claims**

Plaintiff filed this *pro se* action on October 27, 2008, generally asserting claims of excessive force in violation of the Fourth Amendment, deliberate indifference in violation of the Eighth Amendment, prosecutorial misconduct and perjury, alteration of medical records, failure to train, HIPAA violations, and gross negligence. (Docket no. 1). Defendants are the County of Gladwin, Gladwin County Sheriff's Sergeant James Cuddie, Sheriff Michael Shea, Deputy Sheriffs Steve Townsend and Jim Powell, Gladwin County Jail Administrator Justin Eastman, Jail Nurses Laura Sasse and Jim Jaunese, County Prosecutor Mary A. Hass, and Assistant Prosecutor Jordan Case. Plaintiff's claims arise out of his February 1, 2008 arrest and subsequent detention in Gladwin County Jail. He sues the Defendants in their official and individual capacities.

On January 22, 2009 Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass, and Case served Plaintiff with their First Set of Requests to Admit and Interrogatories. (Docket no. 62, Ex. 3). In response to these discovery requests, Plaintiff filed a one-page motion for a protective order. (Docket no. 25). The Court denied Plaintiff's motion on March 16, 2009. (Docket no. 30). Defendants state that Plaintiff has failed to respond to any of their discovery requests. (Docket no. 62). Plaintiff has not filed a response stating otherwise.

On April 1, 2009 Defendants Jaunese and Sasse submitted Interrogatories and Requests for Production of Documents to Plaintiff. (Docket no. 52). Plaintiff did not respond to the discovery requests. Consequently, on July 2, 2009 Defendants Jaunese and Sasse filed a motion to compel.

2

(Docket no. 52). Plaintiff failed to respond to the motion to compel.

On August 11, 2009 the Court granted the Defendants' motion to compel and ordered Plaintiff to respond without objections to the Defendants' Interrogatories and Requests for Production of Documents by August 26, 2009. (Docket no. 57). The Order warned the Plaintiff that his failure to comply with the Order may result in dismissal of the action with prejudice. The Order, mailed to the Gladwin County Jail, was returned to the Court as undeliverable, stamped "Not at this Address. Return to Sender." (Docket no. 58). Plaintiff has not notified the Court of a change of address. However, Defendants filed a Proof of Service with the Court showing that they served a copy of the Order on Plaintiff at the Muskegon Correctional Facility. (Docket no. 60). Defendants Jaunese and Sasse state that Plaintiff failed to respond to their discovery requests as ordered by this Court. (Docket no. 62).

On October 1, 2009 Defendants Jaunese and Sasse filed a Motion for Summary Judgment. (Docket no. 61). On that same day, Defendants County of Gladwin, Townsend, Cuddie, Powell, Shea, Eastman, Hass [sic, Hess], and Case filed their Motion for Summary Judgment with the Court. (Docket no. 62). Both motions were served on Plaintiff at the Muskegon Correctional Facility. Plaintiff has failed to respond to either of the two Motions for Summary Judgment.

**B. Governing Law**

Rule 41(b), Fed.R.Civ.P., allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or to comply with the federal rules or any order of the court. Fed.R.Civ.P. 41(b). The Court may also *sua sponte* dismiss an action for lack of prosecution without notice of its intention or providing an adversary hearing before acting. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 633 (1962); *White v. Bouchard,* No. 05-73718, 2008 WL 2216281, at

3

*3-4 (E.D.Mich. May 27, 2008). Before dismissing an action under Rule 41(b), the court must look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

**C. Analysis**

After considering the factors identified in *Stough,* this action should be dismissed because of Plaintiff's failure to prosecute his case. With regard to the first factor, because Plaintiff is out of contact with the Court it is not clear why he has failed to keep the Court advised of his current address and respond to the Court's orders and Defendants' motions. It is clear however that Plaintiff's last contact with the Court was more than twelve months ago, on June 3, 2009. (Docket no. 49). His last contact with the Defendants appears to have taken place eleven months ago, on July 24, 2009. (Docket no. 62, Ex. 1). It is clear that Plaintiff is not keeping himself informed of the events of this case.

The second factor favors dismissal. Defendants and the Court are unduly prejudiced when the plaintiff in an action does not communicate with the Court or any party. Defendants have continued to defend against this action and have been substantially prejudiced by Plaintiff's dilatory conduct in failing to respond to their discovery requests and their Motions for Summary Judgment.

With regard to the third factor, this Court warned Plaintiff that his failure to comply with the Court's Order compelling discovery responses could result in the dismissal of this action. Since that Order was entered, Plaintiff has failed to comply with the Court's Order compelling discovery, has

4

not responded to the Defendants' Motions for Summary Judgment, and has failed to inform the Court of his change of address or otherwise communicate with the Court.

Finally, the last factor also favors dismissal. The Court's Order compelling discovery did not deter Plaintiff from engaging in further dilatory conduct. Under these circumstances where Plaintiff has repeatedly failed to respond to both the Court and the Defendants, has been warned that his case may be dismissed if he failed to respond to Defendants' discovery requests, and has not kept the Court apprised of his current address, dismissal of Plaintiff's case is more appropriate than another sanction. The Sixth Circuit has approved of the dismissal of an action for failure to prosecute when the plaintiff failed to keep the court advised of his current address. *White v. City of Grand Rapids,* 34 Fed. Appx. 210 (6th Cir. May 7, 2002). In *White* the plaintiff was out of touch for a little over a month. Here, Plaintiff has been out of contact for more than twelve months.

Accordingly, after considering the appropriate factors, this Court recommends that this action be dismissed with prejudice as to all Defendants for want of prosecution.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

5

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 22, 2010            s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Richard Davis and Counsel of record on this date.

Dated: June 22, 2010            s/ Lisa C. Bartlett
                                             Case Manager